UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>GREGORY L. HUNT, individually and doing business as Hunt's Excavating; CECILIA HUNT, an individual, and ACTION CONSTRUCTION CO., a Nevada corporation.<br><br>   Defendants.<br>_____/ | NO. CIV. 2:10-1449 WBS GGH<br><br>MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiff First National Insurance Company of America ("First National") brought this action, alleging that defendants Gregory L. Hunt, individually and doing business as Hunt's Excavating, Cecilia Hunt, and Action Construction Co. breached an indemnity agreement. First National now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on its

1

claim for breach of indemnity agreement.[1]  Defendants failed to file an opposition or statement of non-opposition to the motion, as required by Local Rule 230(c), or a response to plaintiff's statement of undisputed facts, as required by Local Rule 260(b).

I.  <u>Standard</u>

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Where the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial.  <u>Houghton v. South</u>, 965 F.2d 1532, 1536 (9th Cir. 1992). Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'"  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986) (quoting then-Fed. R. Civ. P. 56(e)).  To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  "The mere existence of a

---

[1] Plaintiff's Complaint also includes claims for specific performance, injunctive relief, and <u>Quia Timet</u>.  (Docket No. 2.) Such relief is not sought in the instant motion.

2

scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." <u>Anderson</u>, 477 U.S. at 252.

A party opposing summary judgment who "fail[s] specifically to challenge the facts identified in the [moving party's] statement of undisputed facts . . . is deemed to have admitted the validity of [those] facts . . . ." <u>Beard v. Banks</u>, 548 U.S. 521, 527 (2006).

## II. <u>Relevant Facts</u>

Because defendants failed to respond to plaintiff's motion, the court takes the facts as presented by plaintiff as undisputed. On September 11, 2008, the parties entered into a General Agreement of Indemnity for Contractors ("Indemnity Agreement"). (Wilcox Decl. ¶ 6, Ex. 1 (Docket No. 23).) The Indemnity Agreement begins by stating:

> THIS AGREEMENT is made by the Undersigned in favor of the Safeco Insurance Companies for the purpose of indemnifying them from all loss and expense in connection with any Bonds for which any Safeco Insurance Company now is or hereafter becomes Surety for any of the following as Principal (hereinafter referred to as Contractor): Action Construction Co.; Hunt's Excavating (Gregory L. Hunt, Owner).[2]

(<u>Id.</u> Ex. 1.) The agreement is signed by Gregory L. Hunt and Cecilia Hunt individually and by Gregory L. Hunt as President of Action Construction Co. (<u>Id.</u>)

As relevant to this motion, the Indemnity Agreement contains the following provisions:

> INDEMNITY TO SURETY: Undersigned agree to pay to Surety upon demand:

---

[2] First National is one of the Safeco Insurance Companies listed as "Surety." (Wilcox Decl. Ex. 1 (Docket No. 23).)

3

> 1. All loss, costs, and expenses of whatsoever kind and nature, including court costs, reasonable attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires Undersigned to make arrangements for Surety's legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by Surety by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the Undersigned, or by reason of the refusal to execute any Bond. In addition the Undersigned agree to pay to Surety interest on all disbursements made by Surety in connection with such loss, costs and expenses incurred by Surety at the maximum rate permitted by law calculated from the date of each disbursement;
>
> . . .
>
> With respect to claims against Surety:
>
> 1. Surety shall have the exclusive right for itself and the Undersigned to determine in its sole and absolute discretion whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed.
>
> 2. Surety may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims and completion of any Contract with respect to which Surety has issued any Bond.
>
> 3. Surety's determination in its sole and absolute discretion of the foregoing shall be final and conclusive upon the Undersigned.
>
> 4. An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned.
>
> . . .

(Id.)

Following the execution of the Indemnity Agreement, Hunt's Excavating entered into two public works contracts ("Projects"), which required that Hunt's Excavating furnish the respective project owners with a performance bond or a labor and materials payment bond. (Id. ¶ 9.)  First National issued

4

certain performance and payment bonds on behalf of Hunt's Excavating ("Bonds"). (Id. ¶ 10.) Several subcontractors, suppliers, and "materialmen" providing labor and materials on the Projects alleged that Hunt's Excavating defaulted on certain payment obligations and made claims against the Bonds. (Id. ¶ 11.) The Division of Labor Standards Enforcement also asserted a claim against the contract funds due from the Truckee Donner Utility District, the obligee of the Bonds. (Id. ¶ 12.)

Plaintiff then requested, orally and in writing, that defendants protect, exonerate, and indemnify plaintiff from the expenses associated with the Bonds. (Id. ¶ 26.) Defendants failed, and continue to fail, to protect, exonerate, and indemnify plaintiff, as required by the Indemnity Agreement. (Id. ¶ 27.)

Plaintiff has provided a Claims Payment History Report detailing the payments made, including payments for claims under the Bonds, attorney's fees and expenses associated with investigating those claims, and attorney's fees associated with the instant action. (Id. Ex. 2.) As of April 30, 2011, the payments made by or on behalf of First National totaled $402,237.51, exclusive of interest. (Id. ¶ 13, Ex. 2.) Under a calculation of interest at 10 percent per annum, interest on the payments totals $43,926.53. (Id. ¶ 30, Ex. 2.) The total sought by First National is $446,164.04. (Id. ¶ 31, Ex. 2.)

IV. Discussion

California law has long recognized the right of a surety, such as First National, to be indemnified under the terms a written indemnity agreement. See, e.g., Fid. & Deposit Co. of

5

Md. v. Whitson, 187 Cal. App. 2d 751, 756 (2d Dist. 1960).

In order to demonstrate a valid claim for breach of an indemnity agreement under California law, a plaintiff must demonstrate the existence of an indemnity agreement, the plaintiff's performance under the agreement, breach of the agreement, and damages. See Reichert v. Gen. Ins. Co. of Am., 68 Cal. 2d 822, 830 (1968); Four Star Elec., Inc. v. F & H Constr., 7 Cal. App. 4th 1375, 1380 (3d Dist. 1992). "An indemnity agreement is to be interpreted according to the language and contents of the contract as well as the intention of the parties as indicated by the contract." Myers Bldg. Indus., Ltd. v. Interface Tech., Inc., 13 Cal. App. 4th 949, 968 (2d Dist. 1993).

Here, the terms of the Indemnity Agreement at issue are clear. Defendants expressly agreed to indemnify First National on demand for any losses, costs, and expenses, including court costs, reasonable attorney's fees, consultant fees, investigative costs, and any other losses, costs, or expenses incurred by reason of having executed any Bond, or incurred on account of defendants' default under the Agreement.[3]

It is undisputed that all of the necessary elements of a claim for breach of indemnity agreement are met. An indemnity agreement exists, plaintiff has performed under the agreement, defendants failed to indemnify plaintiff for claims already paid, and plaintiff has suffered damage as a result.

---

[3] This includes plaintiff's attorney's fees in bringing the instant action. See Safeco Ins. Co. of Am. v. Chiang, No. C-04-1977, 2007 WL 460844, at *2 (N.D. Cal. Feb. 7, 2007) (interpreting similar contractual language as providing recovery of attorney's fees incurred in enforcing the agreement).

       The amount of damage is similarly undisputed.  When a surety presents evidence of its payments pursuant to a prima facie evidence clause such as that provided in the Indemnity Agreement, the burden shifts to the indemnitors to prove that the fees may not be recovered.  <u>Travelers Cas. & Sur. Co. of Am. v. Dunmore</u>, No. CIV S-07-2493 LKK DAD, 2009 WL 1586936, at *10 (E.D. Cal. Jun. 5, 2009) (citing <u>Fallon Elec. Co. v. Cincinnati Ins. Co.</u>, 121 F.3d 125, 128 (3d Cir. 1997)).  Because defendants have not presented any genuine issue of material fact, the statement of losses and expenses provided by First National is sufficient evidence of the damages it incurred.

       The Indemnity Agreement also provides that First National is entitled to prejudgment interest.  Because no interest rate was specified, plaintiff is entitled to the statutory rate of 10 percent per annum.  <u>See</u> Cal. Civ. Code § 3289(b).

       Because there is no genuine issue as to any material fact on plaintiff's claim for breach of indemnity agreement or the damages arising from the breach, the court will grant plaintiff's motion for summary judgment as to that claim.

       IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment on its claim for breach of indemnity agreement in the amount of $446,164.04 be, and the same hereby is, GRANTED.

DATED:  June 2, 2011

       _____
       WILLIAM B. SHUBB
       UNITED STATES DISTRICT JUDGE